# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JULIAN FUENTES,

Plaintiff,

v.   No. CIV-01-0536 LH/LCS

GARY E. JOHNSON, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Plaintiff's response to the order filed December 12, 2001, which directed that Plaintiff show cause why his complaint should not be dismissed for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). On consideration of the response and for the reasons below, Plaintiff's complaint will be dismissed.

The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-security Wallens Ridge State Prison in Virginia, following a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico. He also alleges he has been subjected to psychological and emotional harassment since his return to New Mexico. In Count 1, Plaintiff alleges he was transferred even though he did not participate in the disturbance, he was given no prior notice or explanation for the transfer, and he was subjected to excessive force at Wallens Ridge. He asserts his transfer violated federal and state constitutional rights of due process. Count 2 claims the harsh conditions during and after transfer violated federal and state constitutional protections against cruel and unusual punishment. Count 3 asserts that Plaintiff was repeatedly subjected to strip searches and other body searches, and he was harshly restrained, in violation of the Fourth Amendment's protections against unreasonable search and seizure. Count 4 claims violations of Plaintiff's right of



free speech and association. Counts 5 and 6 asserts that "an Interstate Compact" and certain state constitutional provisions were violated by the transfer and by related conditions of Plaintiff's confinement. Count 7 asserts claims based on respondeat superior liability, and Count 8 claims Defendants conspired to violate Plaintiff's various constitutional protections. In Count 9 Plaintiff claims that Defendants' conduct was wanton, deliberate and malicious, entitling him to punitive damages. All Defendants are named in their individual and official capacities. Plaintiff seeks damages and prospective equitable relief.

As noted in the earlier order, the only allegations of exhaustion in Plaintiff's complaint are that "he has filed numerous grievances and appeals." In his response to the order to show cause, Plaintiff alleges that "he has filed many grievances, [and] filed a Petition for a Writ of Habeas Corpus and a Motion for a Temporary Restraining Order." Attached to the response are copies of a number of grievance forms filed by Plaintiff in New Mexico between June 26, 2000, and July 19, 2001, relating to contact visits with his family, "mind poisoning," and loss of personal property. One of the forms contains a note to Plaintiff advising him that of the availability of an appeal from his grievance, but there is no indication that any appeals were taken.

Plaintiff argues he should not be required to exhaust administrative remedies because he is not protesting "prison conditions," no remedies were available in Virginia,[1] he has been returned to New Mexico, and the provisions of § 1997e(a) are not jurisdictional. Although Plaintiff correctly argues the exhaustion requirement in § 1997e(a) is not jurisdictional, the Supreme Court recently ruled that exhaustion is required in all inmate cases challenging conditions of confinement. *Booth v. Churner*, 531 U.S. 956, ---, 121 S.Ct. 1819, 1825 n.6 (2001) ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). The result is unavoidable: Plaintiff's

---

[1] Plaintiff's claims against Virginia Defendants have previously been dismissed.

2

claims against all Defendants relating to his transfer to Virginia and return to New Mexico must be dismissed for failure to exhaust administrative remedies. *Booth*, 531 U.S. at ---, 121 S.Ct. at 1822; *see also Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000), *cert. denied, Harris v. Garner*, --- U.S. ---,121 S.Ct. 2214 (2001). These claims will be dismissed without prejudice.

Plaintiff's claims based on psychological or emotional harassment since his return from Virginia are barred by related provisions of 42 U.S.C. § 1997e. Under § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." "Courts have generally construed this provision as a limitation on the relief a prisoner can receive for injuries suffered while in custody." *Perkins v. Kansas Depot of Corrections*, 165 F.3d 803, 807 (10th Cir.1999) (citing *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir.1997). If, however, the only injury claimed is mental or emotional, " 'such a suit cannot stand.' " *Perkins*, 165 F.3d at 807 (quoting *Zehner*, 133 F.3d at 461). As stated by the Seventh Circuit, "if the only form of injury claimed in a prisoner's suit is mental or emotional (for example, if the prisoner claimed that the small size of his cell was driving him crazy), the suit is barred in its entirety." *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999). Here, Plaintiff alleges only emotional and mental injury, and these claims will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims relating to his transfer to Virginia and back to New Mexico be DISMISSED without prejudice for failure to exhaust administrative remedies; his claims based on psychological or emotional harassment since his return from Virginia be DISMISSED with prejudice; and this action be DISMISSED.

UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JULIAN FUENTES,

    Plaintiff,

v.                                      No. CIV-01-0536 LH/LCS

GARY E. JOHNSON, et al.,

    Defendants.

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court on Plaintiff's response to an order to show cause; Plaintiff being incarcerated; and the Court having entered a memorandum opinion and order this date dismissing Plaintiff's complaint,

IT IS THEREFORE ORDERED that FINAL JUDGMENT is hereby entered in favor of all Defendants; Plaintiff's claims relating to his transfer to Virginia and back to New Mexico are DISMISSED without prejudice for failure to exhaust administrative remedies; his claims based on psychological or emotional harassment since his return from Virginia are DISMISSED with prejudice; and this action is DISMISSED.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE